## (July 22, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS B. CORCORAN, JR., and STEPHEN KEARY, Appellants. — Appeal from judgments of the County Court of Albany County (Harris, J.), rendered December 4, 1979, convicting defendants upon their pleas of guilty of the crime of attempted grand larceny in the second degree. In a single-count indictment both defendants were charged with attempted grand larceny in the second degree. Defendant Corcoran was also charged in a separate indictment with three

counts of criminal possession of a forged instrument in the second degree. A suppression hearing was conducted and the court found that the searches and seizures conducted by the police were proper and that defendants' statements, items seized from a car in which defendants were traveling and an in-court identification should not be suppressed. Defendants thereafter entered pleas of guilty of the crime of attempted grand larceny in the second degree and were sentenced to 60 days in jail and five years' probation. Both defendants have appealed and raise several issues urging reversal. An examination of the testimony taken at the suppression hearing reveals that on March 9, 1979 at about 11:30 A.M., defendant Corcoran entered the Union National Bank in Albany with a check and requested a cashier's check. The bank manager, after talking with the teller, determined that the cashier's check was not to be issued. Corcoran then left the bank and returned to a car parked in the area. The bank manager then summoned a police officer he had noticed outside the bank and requested the officer to check on the people in the car entered by Corcoran, stating that they had previously tried to cash a check in the bank and had remained in the parking lot a few minutes thereafter. The officer testified that the car in question remained stationary for a short time and then drove off in a southerly direction; that he stopped the car and asked Corcoran for his driver's license; and that the license produced was improper and in the name of "Robert Burn". The officer further testified that he stopped the car on the complaint of the bank manager and that there had been some bank robberies during the previous winter months. Concededly, the car was not stopped for violating any traffic rules or regulations. Corcoran was arrested for various traffic violations and given his *Miranda* rights. Defendant Keary, who was also in the vehicle, was taken to the police station where he was given his *Miranda* rights and arrested. Prior to leaving the scene and after arresting Corcoran, the officer searched Corcoran and the vehicle and found bits of pieces of a torn check bearing the name of "Burn". The officer then removed the keys from the ignition and searched the trunk where another driver's license was found. To determine if the search and seizure in the instant case was proper we must first pass on the permissibility of the initial stop of the vehicle. Except for routine checks to enforce automobile regulations or a reasonable suspicion that its occupants had been, are then, or are about to be engaged in conduct in violation of law, the stopping of an automobile by the police constitutes an impermissible seizure (*People v Sobotker,* 43 NY2d 559; *People v Ingle,* 36 NY2d 413). The instant record, in our view, is devoid of evidence of criminal activity as of the time the vehicle was stopped. The attempt to cash the check, the parking for a time in the area, the vintage of the car, or the fact that there had been recent bank robberies do not, even cumulatively, constitute sufficient evidence of criminal activity to justify the stopping of the car. Since the stop was impermissible, all of the evidence which flowed directly from the illegal seizure must be suppressed. Accordingly, the suppression motion should have been granted. We are cognizant of the recent decision of the United States Supreme Court in *United States v Ross* (456 US 798) and find it inapplicable. The *Ross* case deals with the scope of a warrantless search of an automobile legitimately stopped by the police who have probable cause to believe that contraband is concealed somewhere in the vehicle. Such circumstances do not prevail here. Judgments reversed, on the law and the facts, motion to suppress granted and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.